## CRANE *v.* HIRSHFELDER *et als.*

Tʜᴇ complaint—the suit being to set aside a judgment of *H. L. & B.* v. *Erwin* —after setting out minutely the proceedings adopted by them in having the Clerk enter up the judgment, then avers that "said proceedings and circumstances under which said judgment was entered up by said Clerk render the same void in law, the said Clerk having no power or jurisdiction to enter said judgment under the circumstances and in the manner stated, and that the same is fraudulent as against this plaintiff and tends to his great and irreparable injury;" that W., attorney of H. L. & B., was a party to the fraud; that the judgment was without consideration—was false, covinous and fraudulent— and that E. is insolvent, states facts sufficient to constitute a cause of action; and W. being charged as a party to the fraud, is properly joined as defendant.

Aᴘᴘᴇᴀʟ from the Fifth District.

Suit against Hirshfelder, Levy & Block, A. Williams, John Erwin and the Sheriff, to set aside a certain judgment as fraudulent and void, and to enjoin the sale of property levied on under execution on said judgment. The complaint averred that A. Williams, defendant, September 26th, 1860, presented to the Clerk of Alameda county certain papers fastened together, to wit: 1st, an affidavit by Williams that he, as attorney of Hirshfelder, Levy & Block, had served on Erwin a notice that said firm accepted his offer to allow judgment in their favor against him for $725.57; 2d, Erwin's acknowledgment of service of summons and complaint with offer of judgment: 3d, cost bill; 4th, complaint; that upon these papers the Clerk, at the request of Williams, entered judgment in favor of H. L. & B. and against Erwin for the amount named, and on the same day issued execution, which was levied on certain property of Erwin, who is insolvent, having no other visible property; that when said papers were filed, no complaint had been filed and no action commenced: that this judgment was without consideration; that "said proceedings and circumstances under which said judgment was entered up by said Clerk render the same void in law, the said Clerk having no power or jurisdiction to enter said judgment under the circumstances and in the manner stated, and that the same is fraudulent as against this plaintiff and tends to his great and irreparable injury; and that said fraudulent and void judgment was consummated under the advice and by the connivance of said

defendant Williams, who was employed, as deponent is informed and believes, by said Erwin, and confederated with him and said Hirshfelder, Levy & Block to procure to be entered said false, covinous and fraudulent judgment.''

The complaint also averred that on the eighth of October, 1860, plaintiff here brought suit by attachment against Erwin, on a claim subsisting against him on and before September 26th, 1860, which writ was levied on the same property, and that the Sheriff is about to sell the same on said execution. Prayer for an injunction restraining the sale and for a decree setting aside said judgment, and subjecting the property to plaintiff's attachment.

Defendants demurred to the complaint on the grounds, among others, that the complaint did not state facts sufficient to constitute a cause of action, and that Williams was not a proper party. Demurrer sustained and final judgment for defendants.

Plaintiff appeals.

*A. A. Cohen*, for Appellant.

I.    The judgment entered against Erwin, being entered by the Clerk, is void, because done without any authority of law. The Clerk cannot receive a complaint and offer to give judgment for the amount claimed, accepted by the persons named as plaintiffs, all at the same time, and without any previous action pending, enter up a judgment against the defendant for the amount named in the offer.

Sec. 390 of the Practice Act only permits an offer to be made and accepted in a suit already pending.

No action was pending at the time this offer was made and accepted, nor had anything been done, such as the law requires, towards commencing an action up to the time of receiving the bundle of papers presented to him and entering the judgment. (Pr. Act. secs. 22, 35; *Chapman* v. *Broder*, 16 Cal.; *Stearns* v. *Aguirre*, 7 Id. 442; *Whitwell* v. *Barbier*, Id. 54; Id. 279; *Alderson* v. *Bell*, 9 Id. 315; 6 Wheat. 189; 11 Wend. 651; 10 Id. 75; 19 J. R. 33.) The mode of entering judgment without action is provided in secs. 374–6 of the Practice Act.

II.    The judgment being void, and the execution thereon being about to be enforced to the prejudice of plaintiff, he has a right to

come into a Court of Equity for relief against the impediment thus created, and standing in the way of the enforcement of his process against Erwin. (1 Story's Eq. secs. 258, 438; *McNairy* v. *Eastland*, 10 Yerger, 310; *Curtis* v. *Hartsfield*, 3 Id. 366; *Chester* v. *Miller*, 13 Cal. 558; *Downs* v. *Fuller*, 1 Met. 135; *James* v. *Johnson*, 6 J. Ch. R. 417; *White* v. *Williams*, 1 Paige, 502; *Jordan* v. *Giblin*, 12 Cal. 100; *Chapin* v. *Broder*, 16 Id.; *McMillan* v. *Reynolds*, 11 Id. 372.)

III.   The act of entering the judgment being in itself illegal, it need not be charged to have been done with an intent to defraud the plaintiff. It is enough that the act is illegal, and that in consequence plaintiff is prejudiced. The facts stated make it at least a constructive fraud. (1 Story's Eq. sec. 258.)

It is a fraud upon the jurisdiction of the Court in which it is entered. Equity will relieve against it without any regard whatever to the intent or motive which actuated the parties in entering it. This has always been the principle acted upon. (1 Chitty's Pl. 376; 2 Ala. 571; 3 Kernan, 222; *Chester* v. *Miller*, 13 Cal. 558; *McMillan* v. *Reynolds*, 11 Id. 372; *Jordan* v. *Giblin*, 12 Id. 100; *Chapin* v. *Broder*, 16 Id.)

IV.   Williams is a proper party defendant. He is charged with fraud, complicity and confederation with the other parties, in causing and procuring to be entered upon the records of the Court a false, voluntary and covinous judgment.

Although he has no interest, he may be held for costs. (*McCrosker* v. *Brody*, 1 Barb. Ch. R. 343; S. C. 1 Coms. 214; 1 Story's Eq. Pl. secs. 242, 271; 15 How. Pr. 333; 12 Id. 547; Id. 17; 8 Id. 389.) And Williams ought to be decreed to pay all the costs, provided they can be collected of him. (*Truebody* v. *Jacobson*, 2 Cal. 269.)

*O. C. Pratt*, for Respondents.

1. Appellant insists that the judgment sought to be set aside is void. If this be so, it is harmless. If it be void, how can it be vacated or avoided? If void, it is no impediment to appellant, and this suit can serve no useful end. If the judgment is void, Crane has only to let the Sheriff sell Erwin's property, prosecute his own

suit against Erwin to judgment, and apply to the Court to have the proceeds applied on his judgment.

But the judgment is not void, nor is it irregular; but even if it seems irregular, the appellant Crane has no business with it on that account, because he was not a party to the proceedings in which it was obtained.

2. If the judgment was sought to be set aside by appellant on account of fraud as against creditors, (himself included) then he should have set forth by a positive allegation, or that which amounts to the same thing, the facts which constitute the fraud. Information and belief may be a proper foundation on which to rest a charge of fraud, but in such case a charge of fraud based on such foundation and belief should unmistakably be made.

3. There was no sufficient reason assigned in complaint for making the attorney Williams a party. He had no interest in the subject matter of the judgment, and could neither be affected by its maintenance or its vacation.

True, as in Brady's case referred to in appellant's brief, if he had been a party to an act committed in fraud of another's rights, and with an intent charged in the bill to do an injury, although for the benefit of another, and such other could either not be compelled to pay costs, or was unable to pay them in the proceedings necessary to get aid of the wrongful act, in such case he might be made a party to a suit in order to subject him to costs; but as Williams occupied no such relation as appeared by any charge in the bill, he was wrongfully made a party.

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

The demurrer in this case was improperly sustained. The judgment sought to be impeached is alleged to be without consideration, and a fraud upon the creditors of the judgment debtor. The complaint states all the facts necessary to maintain the action. It is charged that defendant Williams was a party to the fraud, and he is therefore properly united in the suit.

Judgment reversed, and cause remanded for further proceedings.